**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ANA TERESA CAMACHO COLMENARES** | **CASE NO. 6:26-CV-03380 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN, SOUTH LOUISIANA ICE PROCESSING CENTER** | **MAGISTRATE JUDGE WHITEHURST** |

**ORDER and REASONS**

Before the Court is an "Emergency Motion for Temporary Restraining Order and Stay of Removal" [ECF No. 2], filed by habeas petitioner, Ana Teresa Camacho Colmenares. For the reasons that follow, the motion is DENIED.

Petitioner is an immigration detainee in the custody of the United States Immigration and Customs Enforcement (ICE) and detained at the South Louisiana ICE Processing Center in Basile, Louisiana. Petitioner is a citizen of Venezuela who entered the United States on September 3, 2023 without authorization.[1] On March 11, 2026, an immigration judge ordered her removal.[2] Petitioner appealed that decision to the Board of Immigration Appeals, and the appeal remains pending at this time.[3] Petitioner was detained by ICE on August 6, 2026, following a routine traffic stop, and has remained in detention since that time.[4]

On September 2, 2026, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus alleging: (1) her "[p]rolonged detention without a bond hearing" violates her due process rights; (2) her warrantless arrest violates the Fourth Amendment to the U.S. Constitution; (3) her "serious medical condition [is] aggravated by [her] detention" in violation of her substantive due process rights; and

[1] ECF No. 1 at 9.
[2] ECF No. 1-2 at 2.
[3] *Id.* at 3.
[4] ECF No. 1 at 6.

(4) her detention imposes a hardship upon her minor children.[5] Petitioner asks this Court to order her "immediate release from custody," or alternatively, order "an individualized bond hearing before an immigration judge within a reasonable time."[6] The same day, Petitioner filed the pending motion for temporary restraining order, wherein she seeks an injunction prohibiting Respondents from removing her from the United States or transferring her out of the Court's jurisdiction while her petition remains pending, and ordering "an individualized bond hearing on an emergency basis."[7]

The purpose of a temporary restraining order "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[8] To warrant such relief, the movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[9] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[10] Further, preliminary injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[11]

---

[5] ECF No. 1 at 6–7.
[6] *Id.* at 12.
[7] ECF No. 2.
[8] *Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)
[9] *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).
[10] *Canal Auth.*, 489 F.2d at 573.
[11] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).

Here, to the extent Petitioner asks the Court to order an individualized bond hearing, she seeks the ultimate relief sought in her habeas petition, which is inappropriate in a motion for injunctive relief.[12] This issue is more appropriately addressed through the ordinary adjudication of the habeas petition. To the extent Petitioner asks the Court to enjoin her transfer or removal while her habeas petition remains pending, her allegations that these actions will occur before the Court can rule on her habeas petition are wholly speculative and insufficient to support injunctive relief.[13] Accordingly,

IT IS HEREBY ORDERED that the "Emergency Motion for Temporary Restraining Order and Stay of Removal" [ECF No. 2] is DENIED.

THUS DONE in Chambers on this 3rd day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[12] *See e.g. Torres Perez v. Warden of Prarieland Det. Ctr.*, No. 3:26-CV-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026).

[13] *See, e.g.*, *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Hogan v. Salazar*, No. 19-CV-255, 2020 WL 13833090, at *3 (W.D. Tex. Feb. 24, 2020) ("Mere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief.").